UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GARY MORRIS,

                Plaintiff,

      - against -

ANDREW M. SAUL,[1] Commissioner of Social
Security,

                Defendant.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-259 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Gary Robert Morris commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking reversal of the decision of Carolyn Colvin, the then-Acting Commissioner of the Social Security Administration ("SSA"), denying his application for Social Security disability insurance benefits. Presently before the Court is the motion of Plaintiff's counsel, Christopher James Bowes ("Bowes"), for approval of attorney's fees of $30,000 pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, the motion is granted in part and denied in part, and the Court awards Bowes attorney's fees in the amount of $16,250.

## BACKGROUND

On January 17, 2017, Plaintiff commenced this action appealing the SSA's denial of his disability insurance benefits application. (*See* Complaint, Dkt. 1.) On January 1, 2018, Plaintiff

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is automatically substituted as the Defendant in this action. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

filed a motion for judgment on the pleadings (*see* Plaintiff's Motion, Dkt. 14), and on January 5, 2018, the government filed a cross-motion for judgment on the pleadings (*see* Commissioner's Motion, Dkt. 16). On March 5, 2018, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the SSA for further proceedings. (*See* March 5, 2018 Order, Dkt. 19.) On May 8, 2018, the parties stipulated, and the Court ordered, that Plaintiff would be awarded $6,500 for attorney's fees, $21 for expenses, and $400 in court costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*See* Stipulation Regarding Attorney's Fees, Dkt. 21-1; *see also* May 8, 2018 Order.)

On remand, Plaintiff was awarded disability insurance benefits. (Declaration of Christopher James Bowes ("Bowes Decl."), Dkt. 23, at ECF[2] 3 ¶¶ 13–14.) As required by the Social Security Act, the Commissioner withheld $45,164.88, equal to 25% of the total past-due benefits payable to Plaintiff. (*See* Notice of Award, Dkt. 23, at ECF 16, 18 (guaranteeing a $135,494.62 lump sum payment to Plaintiff, while withholding $45,164.88).) This amount was withheld so that Plaintiff's counsel could: (1) petition the SSA under 42 U.S.C. § 406(a) for approval of a reasonable fee as compensation for services during proceedings at the agency level; and (2) seek an award from this Court pursuant to 42 U.S.C. § 406(b) for the time he expended representing Plaintiff in federal court. *See* 42 U.S.C. §§ 406(a)–(b).

Bowes now moves for an award of attorney's fees pursuant to § 406(b) in the amount of $30,000, as compensation for 32.5 hours of work that he undertook before this Court on behalf of Plaintiff. (*See* Motion for Attorney's Fees, Dkt. 22.) According to Bowes's records, he spent this time on the following tasks: (1) reviewing various files and the entire record; (2) discussing the

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

appeal with Plaintiff; (3) drafting and filing the complaint; (4) drafting a statement of the facts and procedural history; (5) drafting legal arguments; (6) editing a draft brief and preparing it for filing; (7) reviewing the Commissioner's brief; (8) reviewing the Court's March 5, 2018 Order and discussing it with Plaintiff; and (9) drafting a letter to the government requesting an award of fees under the EAJA. (*See* Bowes's Time Records, Dkt. 23, at ECF 14.) Bowes's time records also document an average hourly rate of $201.30 for the time spent working on Plaintiff's case. (*See id.*) Under this hourly rate, Bowes fees would be $6,542.25.[3] (*Id.*)

Before filing his appeal of the Commissioner's decision denying disability insurance benefits, Plaintiff agreed to pay Bowes a contingency fee of 25% of all past-due benefits as compensation for legal services. (*See* Retainer Agreement, Dkt. 23, at ECF 11–12.) 25% of $180,659.50 is $45,164.88. Bowes supports his motion for attorney's fees by arguing that his claim of $30,000 is less than the 25% of past-due benefits to which he is entitled under the retainer agreement. (*See* Plaintiff's Brief, Dkt. 24, at 4.) The government opposes Bowes's fee application, arguing that an award of $30,000 to Bowes would constitute a "windfall." (Commissioner's Opposition, Dkt. 25, at ECF 4.)

## DISCUSSION

Section 406(b)(1)(A) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). This 25% cap only applies to an award of attorney's fees for representation before a federal court; it does not limit attorney's fees that may be approved by the Commissioner for representation in agency proceedings pursuant to Section 406(a). *See*

---

[3] Despite the rate listed on his time records for this case, Bowes states that his hourly rate for non-contingency representation in social security cases is $450 per hour. (*See* Bowes Decl., Dkt. 23, at ECF 7 ¶ 27.)

*Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019) ("If there is no fee agreement, the agency may set any fee, including a fee greater than 25% of past-due benefits, so long as the fee is 'reasonable.'" (quoting 42 U.S.C. § 406(a)(1)); *see also id.* at 523 ("[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b) . . . ."). The Second Circuit has held that a court's determination of whether fees requested under § 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Barbour*, 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 8:06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Bowes's proposed fee of $30,000 is within the 25% cap, which is $45,164.88. (Notice of Award, Dkt. 23, at ECF 16, 18; *see also* Bowes Decl., Dkt. 23, at ECF 5 ¶ 19, 22.) Since there are no allegations of fraud or overreaching with respect to the retainer agreement, the

only question for the Court is whether the proposed fee of $30,000 for 32.5 hours of work would result in a windfall to Bowes.

Courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *See Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085 (SJF), 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Bowes seeks an award of $30,000 for 32.5 hours of work, resulting in an effective hourly rate of $923.07. As Bowes has represented that his regular hourly rate for non-contingency social security cases is $450 per hour (*see* Bowes Decl., Dkt. 23, at ECF 7 ¶ 27), an award of $30,000 for 32.5 hours of work would greatly exceed Bowes's standard rate. Furthermore, courts in this Circuit have repeatedly found that *de facto* rates above $500 per hour in social security cases are unreasonable. *See Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, (E.D.N.Y. May 28, 2019) (reducing proposed fees of $23,565 for 34.9 hours of work, resulting in an effective hourly rate of $675, to $17,450 in total fees, or an effective hourly rate of $500); *Mitchell v. Astrue*, No. 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *6 (E.D.N.Y. Apr. 29,

5

2019) (reducing proposed fees of $20,000 for 2.8 hours of work, resulting in an effective hourly rate of $7,142.86, to $1,400 in total fees, or an effective hourly rate of $500); *see also Brown v. Colvin*, No. 15-CV-4823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing proposed fees of $18,675 for 24.9 hours of work, resulting in an effective hourly rate of $750, to $12,450 in total fees, or an effective hourly rate of $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *2 (E.D.N.Y. May 4, 2018) (reducing proposed fees of $14,000 for 19.7 hours of work, resulting in an effective hourly rate of $710.66, to $9,850 in total fees, or an effective hourly rate of $500); *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, at *2–3 (E.D.N.Y. May 17, 2007) (reducing proposed fees of $44,694.75 for 33.5 hours of work, resulting in an effective hourly rate of $1,334.17, to $15,000 in total fees, or an effective hourly rate of $447.76).[4]

Consequently, the Court finds that Bowes's request for $30,000 as compensation for 32.5 hours of work in this case would result in an unreasonable fee for Bowes based on his representation of Plaintiff in this matter. Instead, the Court finds that an award of $16,250 would adequately compensate Bowes for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. Furthermore, this fee amount, which translates into an effective hourly rate

---

[4] Bowes is correct that courts in this Circuit have also approved fee awards in the social security context that exceed a *de facto* $500 hourly rate. *See, e.g.*, *Barbour v. Colvin*, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work, an effective hourly rate of $599); *Warren v. Astrue*, No. 06-CV-2933 (CBA), 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000 is a substantial sum for 38 hours of work, [*i.e.*, an effective hourly rate of $657,] it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, this Court must exercise its own discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

of $500, provides reasonable compensation for the legal services provided by Bowes. Lastly, the Court's award of $16,250 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g., Muniz v. Astrue*, 09-CV-3954 ARR, 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part, and Bowes is awarded $16,250 in attorney's fees. Upon receipt of this award from the government, Bowes shall promptly refund Plaintiff with $6,500, which represents the EAJA fees already received by counsel. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 26, 2019
Brooklyn, New York